UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

**BLAKLEY ADAMS** and **AARON BERKOWITZ**, *on behalf of all others similarly situated*,

    Plaintiff,

v.

**FEDERAL FINANCIAL GROUP, LLC,**

    Defendant.

Civil Action No. 3:16-cv-00290

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiffs Blakley Adams and Aaron Berkowitz, on behalf of themselves and all others similarly situated, by and through the undersigned counsel, and in support of their Class Action Complaint against Defendant Federal Financial Group, LLC ("FFG"), state as follows:

**Parties, Jurisdiction and Venue**

1. Plaintiff Blakley Adams is an individual who at all times material to this petition resided in Brazoria County, Texas.

2. Plaintiff Aaron Berkowitz is an individual who at all times material to this petition resided in Brazoria County, Texas.

3. Plaintiffs bring this action on behalf of themselves and all others similarly situated.

4. FFG is a Utah limited liability company in good standing.

5. This Court has personal jurisdiction over FFG because it has solicited business in the State of Texas, conducts business in the State of Texas, has committed the acts described

1

below in the State of Texas and otherwise has sufficient minimum contacts with the State of Texas.

6. Venue is proper in this Court because a substantial portion of the events giving rise to the claims asserted in this Petition occurred in Brazoria County, Texas.

7. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, a federal statute.

### Background and Facts Common to All Counts

8. FFG markets life insurance, annuities and a variety of other financial products to its prospective customers.

9. FFG markets its products and services in part through placing automated telephone calls to potential customers' cell phones.

10. Plaintiff Blakley Adams is the owner of a cell phone and pays the bill for her cell phone account.

11. Plaintiff Blakley Adams did not provide her cell phone number to FFG.

12. Plaintiff Blakley Adams had no business relationship with FFG.

13. Plaintiff Blakley Adams did not grant FFG prior express written consent to be called on her cell phone.

14. On or about January 23, 2015 Plaintiff Blakley Adams received a call on her cell phone in Brazoria County, Texas from FFG or someone acting on its behalf.

15. Upon answering the cell phone, Plaintiff Blakley Adams heard a brief pause before hearing the voice of FFG's representative.

16. FFG's representative advised Plaintiff Blakley Adams that they wanted to schedule a meeting with her to meet with one of FFG's financial advisors. This phone call advertised FFG's products and services.

17. In total, FFG has placed at least 5 such calls to Plaintiff Blakley Adams in and around January 2015.

18. Plaintiff Aaron Berkowitz is the owner of a cell phone and pays the bill for his cell phone account.

19. Plaintiff Aaron Berkowitz did not provide his cell phone number to FFG.

20. Plaintiff Aaron Berkowitz had no business relationship with FFG.

21. Plaintiff Aaron Berkowitz did not grant FFG prior express written consent to be called on his cell phone.

22. On or about January 23, 2016 Plaintiff Aaron Berkowitz received a call on his cell phone in Brazoria County, Texas from FFG or someone acting on its behalf.

23. Upon answering the cell phone, Plaintiff Aaron Berkowitz heard a brief pause before hearing the voice of FFG's representative.

24. FFG's representative advised Plaintiff Aaron Berkowitz that they wanted to schedule a meeting with him to meet with one of FFG's financial advisors. This phone call advertised FFG's products and services.

25. In total, FFG has placed at least 5 such calls to Plaintiff Aaron Berkowitz in and around January 2015.

26. Upon information and belief, FFG or someone acting on its behalf placed phone calls advertising FFG's services *en masse* to the cell phones of Plaintiffs and members of the proposed class without the prior express written consent of the recipients.

**Count I – Violation of the Telephone Consumer Protection Act
("TCPA"), 47 U.S.C. § 227** *et seq.*

27.     Plaintiffs incorporate by reference the allegations of the previous paragraphs as if fully stated in this count.

28.     The TCPA states, in part:

> It shall be unlawful ... (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... (iii) to any telephone number assigned to a ... cellular telephone ....

47 U.S.C. § 227(b)(1).

29.     The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity... to store or produce numbers to be called, using a sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

30.     The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

31.     The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent," 47 C.F.R. § 64,1200(a)(2).

32.     The term "prior' express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(t)(8)(i).

33. The TCPA provides for a private right of action and statutory damages of at least $500, and up to $1,500.00 per violation. 47 U.S.C. § 227(b)(3).

34. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23 on behalf of a class defined as:

> *All persons in the United States who, from October 15, 2014 to the present, who received calls on their cell phone from FFG, or someone acting on its behalf and did not provide FFG their prior express written consent to receive such calls.*

35. Upon information and belief, FFG used automatic telephone dialing system to make the phone call to Plaintiffs' cell phones and to the cell phones of the putative class members FFG's dialing system stored Plaintiffs' and the putative class members' cell phone numbers. The numbers were dialed without human intervention. Once the calls were placed and answered, they were transferred to a live FFG agent.

36. Upon information and belief, FFG made phone calls to the cell phones of Plaintiffs and the members of the putative class without the recipients' prior express written consent.

37. By making calls to the cell phones of Plaintiffs and the members of the putative class without obtaining their prior express written consent, FFG violated the express provisions of the TCPA, including, but not limited to, 47 U.S.C § 227(b)(1).

38. FFG knew or should have known that Plaintiffs and members of the putative class did not provide their prior express written consent to receive calls on their cell phones.

39. Plaintiffs and the putative class are entitled to damages of $500.00 per call made by FFG and up to $1,500.00 per call if the Court finds that FFG willfully violated the TCPA.

40. Upon information and belief, there are thousands of persons in the proposed class and the class is so geographically diverse that joinder of all members is impracticable.

41. Plaintiffs' claims are typical of the class they seek to represent. Plaintiffs and members of the putative class were called by FFG through an automatic telephone dialing system and did not provide prior express written consent to be called on their cell phones. Plaintiffs' claims and the claims of the putative class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiffs and members of the putative class.

42. There are questions of law and fact common to the class. Common questions include:

   a. Whether FFG made phone calls to the cell phones of the member of the putative class without obtaining their prior express written consent to receive said calls;

   b. Whether FFG made phones calls to the cell phones of members of the proposed class using an automatic telephone dialing systems;

   c. Whether FFG's conduct violates 47 U.S.C § 227 (b)(1) (A);

   d. Whether FFG's conduct violates the rules and regulations implementing the TCPA; and,

   e. Whether Plaintiffs and the members of the proposed class are entitled to increased damages based on the willfulness of FFG's conduct.

43. Plaintiffs will fairly and adequately represent the putative class members. Plaintiffs have retained counsel experienced in the prosecution of class actions. Plaintiffs are committed to vigorously persecuting the claims presented in this petition. Neither Plaintiffs nor Plaintiffs' counsel have any interests adverse or in conflict with the absent class members.

44. The questions of law and fact common to the members of the proposed class predominate over any questions of facts affecting any individual member of the proposed class.

45. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually.

**Demand for Judgment**

WHEREFORE Plaintiffs Blakley Adams and Aaron Berkowitz, individually, and behalf of all other similarly situated, request the Court grant the following relief:

a. Enter an order, pursuant to Fed. R. Civ. P. 23, certifying this action as a class action and appointing Plaintiffs Blakley Adams and Aaron Berkowitz as representatives of the class;

b. Enter an order appointing JTB Law Group, LLC as counsel for the class;

c. Enter judgment in favor of Plaintiffs and the putative class for all damages available under the TCPA, including statutory damages of $500.00 per violation, or up to $1,500 per violation if Defendant willfully violated the TCPA;

d. Award Plaintiffs and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claims administration; and,

e. Award Plaintiffs and the class such further and other relief the Court deems just and appropriate.

Respectfully submitted,

/s/ *Charles W Branham, III*
Charles W Branham, III
Corinna Pia Chandler
**Dean Omar & Branham, LLP**
3900 Elm Street
Dallas, TX 75226
214/722-5990
Fax: 214/722-5991
Email: tbranham@dobllp.com

cchandler@dobllp.com

Jason T. Brown
Nicholas Conlon
**JTB Law Group LLC**
155 2nd St, Suite 4
Jersey City, NJ 07302
877-561-0000
Fax: 855-582-5297
Email: jtb@jtblawgroup.com
Nicholasconlon@jtblawgroup.com

*Attorneys for Plaintiffs*